**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

_____

|  |  |
|---|---|
| **LEENA A. PARKS** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| **v.** | )     **Case No. RWT-12-2462** |
| | ) |
| **BOWIE STATE UNIVERSITY,** | ) |
| **et al.** | ) |
| | ) |
| Defendants. | ) |

_____)

## <u>MEMORANDUM OPINION AND ORDER</u>

On August 17, 2012, Plaintiff Leena A. Parks filed a two-count employment discrimination Complaint, ECF No. 1, against Defendants (1) Bowie State University ("Bowie State"); (2) Captain Djakarta Hall ("Captain Hall") of Bowie State University's Department of Public Safety ("DPS"); and (3) DPS Chief Ernest Waiters ("Chief Waiters"). All three Defendants subsequently filed Motions to Dismiss. ECF Nos. 5, 6, 15. This Court held a hearing to consider the pending motions on April 22, 2013. ECF No. 24. After the hearing, the Court granted the individual Defendants' motions to dismiss but denied Bowie State's motion. ECF No. 25. The Court, however, granted Plaintiff leave to amend her complaint to include claims predicated on 42 U.S.C. § 1983 against the individual Defendants. *Id.*

On May 16, 2013, Parks filed an amended complaint adding an allegation under 42 U.S.C. § 1983 that Defendants violated her Fourteenth Amendment equal protection right. ECF No. 36. On June 6, 2013, Defendants moved to dismiss this Count of the Amended Complaint. ECF No. 37.

<u>Factual Background</u>

Bowie State University is a public university and member institution of the University System of Maryland. Am. Compl. ¶ 6. Bowie State operates its own Department of Public Safety ("DPS"), which is tasked with maintaining public safety for university students. Am. Compl. ¶¶ 6-7. On November 15, 2006, Leena Parks began employment with DPS as a Police Officer First Class ("PFC"). *Id.* ¶ 12. Chief Earnest Waiters was Parks' superior at DPS. *Id.* ¶¶ 10-11. DPS Lieutenant—now Captain—Djakarta Hall hired, supervised, and scheduled shifts for PFC Parks. *Id.* ¶¶ 7, 9, 15, 16. Parks alleges that from the start of her employment at DPS, she experienced sexual harassment and discriminatory treatment, primarily from Captain Hall. *Id.* ¶ 21.

The Amended Complaint alleges that during the course of Parks' employment as a police officer with DPS, the Defendants perpetrated sex discrimination, sexual harassment, and retaliation against her in violation of 42 U.S.C. §§ 2000e *et seq.*, the Equal Protection Clause of the Fourteenth Amendment, and 42 U.S.C. § 1983. Counts I and II allege violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq.*, by Bowie State. Am. Compl. ¶¶ 92-101. Count III names all three Defendants and alleges gender discrimination in violation of the Fourteenth Amendment equal protection right under 42 U.S.C. § 1983. *Id.* ¶¶ 102-114. Parks seeks declaratory relief, compensatory and general damages, punitive damages, attorney's fees, and costs and expenses of this action. *Id.* ¶ 1.

On June 6, 2013, the Defendants filed a motion to dismiss Count III of the Complaint arguing that all three Defendants are entitled to sovereign immunity from 42 U.S.C. § 1983 claims. ECF No. 37. On June 24, 2013, the Plaintiff filed a response in opposition and on July 11, 2013, the Defendants filed a reply. ECF Nos. 38, 39.

## Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Simmons & United Mortg. & Loan Invest,* 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (quotation and emphasis omitted). "Thus, '[i]n reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level.'" *Monroe v. City of Charlottesville*, 579 F.3d 380, 386 (4th Cir. 2009) (quoting *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009)).

## Analysis

A plaintiff alleging a claim under 42 U.S.C. § 1983 must allege and prove that she "was deprived of a constitutional right by a defendant acting under color of state law." *Cook v. James*, 100 F. App'x 178, 180 (4th Cir. 2004). The Supreme Court has made clear that "§ 1983 equal protection claims may be brought against individuals as well as municipalities and certain other state entities." *Fitzgerald v. Barnstable School Comm.*, 55 U.S. 246, 257 (2009). In addition, "courts have held that intentional sexual harassment of employees by persons acting under color

of state law violates the Fourteenth Amendment and is actionable under § 1983." *Rosa v. Bd. of Educ.*, 2012 U.S. Dist. LEXIS 121350, 18-20 (D. Md. Aug. 27 2012).

The question at issue is whether the university and the individual state employees named in the Amended Complaint are shielded from this action by sovereign immunity. "State agencies and state instrumentalities are entitled to sovereign immunity from suits brought by individuals in federal court, unless the suit is brought pursuant to a statute passed by Congress containing a valid abrogation of sovereign immunity." *Lewis v. Talbot County, et al.*, 262 F. Supp.2d 608, 612 (D. Md. 2003) (citing U.S. Const. Amend. XI). Bowie State University is a public university and member institution of the University System of Maryland. Am. Compl. ¶ 6; Md. Code Ann. Educ. §12-101(b)(5)(vi). As such, it is clear that Bowie State University is not a person under 42 U.S.C. § 1983 and therefore entitled to sovereign immunity from § 1983 claims. Courts have almost universally found state universities to be an arm of the state and therefore protected by sovereign immunity. *See e.g., Md. Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 262 (4th Cir. 2005).

Sovereign immunity, however, will not shield the individual Defendants from suit. "[T]he Eleventh Amendment does not erect a barrier against suits to impose 'individual and personal liability' on state officials under § 1983." *Hafer v. Melo*, 502 U.S. 21, 30-31 (1991). In *Hafer*, the Supreme Court held that "state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983. The Eleventh Amendment does not bar such suits, nor are state officers absolutely immune from personal liability under § 1983 solely by virtue of the 'official' nature of their acts." *Id.* at 31. This is true even when individuals are "performing acts within their authority and necessary to fulfilling governmental responsibilities." *Lewis*, 262 F.Supp. at 612.

The Complaint clearly alleges facts sufficient to hold Defendant Hall liable under § 1983 and Defendants do not seriously dispute this in their Motion to Dismiss. The Defendants do, however, seem to argue that Chief Waiters should not be sued in his individual capacity because "the Complaint is devoid of any allegation suggesting that Chief Waiters played 'an affirmative part in depriving [Parks] of any constitutional rights.'" Mot. to Dismiss at 4 (quoting *Rizzo v. Goode*, 423 U.S. 362, 377 (1976)). Plaintiff has plead sufficient facts to suggest that Waiters' actions or lack thereof caused the Plaintiff to be harassed. *Rosa*, 2012 U.S. Dist. LEXIS at 18 ("To [state a facially plausible equal protection claim] allegations would have to support the inference that the Board's action, or lack thereof, caused [Plaintiff] to be subjected to the alleged harassment."). The facts plead here are sufficient to survive a motion to dismiss.

Accordingly, it is, this 13th day of March, 2014, by the United States District Court for the District of Maryland,

**ORDERED**, that the Defendants' Motion to Dismiss Count III of the Amended Complaint (ECF No. 37) is **GRANTED** with respect to Defendant Bowie State University and Count III is dismissed as to that Defendant; and it is further

**ORDERED**, that the Defendants' Motion to Dismiss Count III of the Amended Complaint (ECF No. 37) is **DENIED** with respect to Defendants Captain Djakarta Hall and Chief Ernest Waiters; and it is further

**ORDERED**, that the hearing to consider the Motion to Dismiss currently scheduled for April 14, 2014, is **CANCELED.**

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE
